UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **RLS ENTERPRISES, LLC** | **13-12341** |
| | SECTION A |
| DEBTOR | CHAPTER 7 |
| | |
| **C. MICHAEL CHIASSON** | ADVERSARY NO. |
| | **14-1053** |
| PLAINTIFF | |
| VERSUS | |
| **RANDALL SILLIMAN AND DEBRA SILLIMAN** | |
| DEFENDANT | |

## **ORDER AND REASONS**

On January 30, 2015, Trustee, C. Michael Chiasson, ("Trustee") filed a Motion for Summary Judgment[1] seeking recovery of draw payments taken from the debtor, RLS Enterprises, LLC ("RLS") by RLS' two members, Randall and Debra Silliman (collectively "Sillimans"). On February 25, 2015, Trustee's Motion was granted in part and denied in part. This Court avoided $71,662.00 in transfers taken in 2013. However, the Court found that genuine issues of material fact existed as to the avoidability of 2012 draws.[2]

This matter is again before the Court pursuant to Trustee's Motion to Reconsider[3] and Supplemental Memorandum in Support of Motion for Summary Judgment.[4] Defendants have filed

---

[1] P-11.

[2] P-15.

[3] P-25

[4] P-17.

no response.

Summary Judgment is proper when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. *Hassan v. Lubbock Independent School District*, 55 F.3d 1075, 1079 (5th Cir. 1995); Fed. R. Civ. Proc. 56(c); Bankruptcy Rule 7056(c). The movant bears the burden of proving "absence of genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Insurance Co.*, 340 F.3d 233, 235 (5th Cir. 2003).

## II. UNDISPUTED FACTS

1) RLS Enterprises, LLC ("RLS") was a limited liability company managed by its two members, Randall Silliman and Debra Silliman.

2) In 2012, cash distributions taken from RLS by its members, Randall and Debra Silliman, amounted to $106,923.00.[5]

3) By Purchase and Security Agreement dated July 1, 2009, Private Capital, Inc. ("Private Capital") entered into an account receivable factoring relationship with RLS.[6]

4) In January, 2011, the RLS account went into default and RLS was unable to pay its debts to Private Capital as they became due.[7]

---

[5] P-11-5, Exhibit D, pp. 8-9.

[6] P-17, Exhibit E.

[7] P-17, Exhibit E.

### III. APPLICABLE LAW

Under Louisiana Revised Statute 12:1327(A)(1), limited liability companies are restricted from making distributions if, after giving effect to the distribution, the limited liability company would not be able to pay its debts in the usual course of business.

Under Louisiana Revised Statute 12:1328(A), if a member assents to distributions that are violative of Louisiana Revised Statute 12:1327, that member is liable to the limited liability company for all amounts that exceed the amount that could have been distributed without violating the statute.

### III. ANALYSIS

As early as January of 2011, RLS was unable to pay its debts to Private Capital in the usual course of business. Despite this inability to pay its debts, the Sillimans received cash distributions from RLS during 2012 in the amount of $106,923.00. Thus, the 2012 distributions were violative of Louisiana Revised Statute 12:1327(A)(1). Pursuant to Louisiana Revised Statute 12:1328(A), the Sillimans are liable to RLS for the 2012 distribution of $106,924.00. Accordingly;

Trustee's Motion to Reconsider and Motion for Summary Judgment are **GRANTED.**

**IT IS ORDERED** that the Sillimans, jointly and in solido, are obligated to RLS in the total amount of $178,586.00. A Judgment in accord with the Court's Order and Reasons will be separately rendered.

New Orleans, Louisiana, April 13, 2015.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge